United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE, | No. C 06-3374 MMC (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| PAUL SULLIVAN, et al., | |
| Defendants. | |

On May 23, 2006, plaintiff, a California prisoner proceeding pro se and currently incarcerated at Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983. He sets forth five claims against three SVSP guards, J. Soto ("Soto"), D. Morales ("Morales") and Paul Sullivan ("Sullivan"), for the violation of his constitutional rights and for negligence. In a separate order filed concurrently herewith he has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be

1  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
2  1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was
4  violated, and (2) that the alleged violation was committed by a person acting under the
5  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

      1.     First Amendment

Plaintiff alleges that on May 22, 2005, Soto, Morales and Sullivan denied plaintiff his "religious vegetarian dietary food tray," in violation of his First Amendment rights.  Plaintiff also alleges he had been approved by the prison chaplain to receive vegetarian meals based on his religious beliefs.  Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."  McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).  Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs state a cognizable claim under § 1983 for denial of the right to exercise religious practices and beliefs.  See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (discussing factors to be considered where Jewish inmate claimed denial of kosher diet).  Liberally construed, plaintiff's allegation that defendants denied him a "religious" meal for which he had been approved by the prison chaplain states a cognizable claim for the violation of his First Amendment rights.

      2.     Equal Protection

Plaintiff alleges that Soto, Morales and Sullivan violated his right to equal protection by denying him a religious meal on May 22, 2005.  The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," Cruz v. Beto, 405 U.S. 319, 322 (1972), provided the inmate's religious needs are balanced against the reasonable penological goals of the prison, O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987).  Here, plaintiff does not allege he was treated in a manner different from SVSP inmates of other religions, nor does plaintiff

allege the denial of a single religious meal precluded him from having a "reasonable opportunity" to pursue his faith "comparable to the opportunity afforded fellow prisoners" of other religions. Plaintiff will be granted leave to amend his complaint to include such allegations, provided he can do so in good faith.

### 3. Excessive Force

Plaintiff alleges that when he requested his religious meal on May 22, 2005, defendants Sullivan and Morales pepper-sprayed him in the "face, chest, stomach and testicles." After incarceration, "only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: the deprivation alleged is, objectively, sufficiently serious, and the prison official possesses a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 824, 834 (1994). Liberally construed, plaintiff's allegation that Sullivan and Morales pepper-sprayed him because he asked for a religious meal states a cognizable claim for the use of excessive force.

### 4. Negligence

Plaintiff alleges that Sullivan and Morales were negligent when they pepper-sprayed him as described above. Negligence is a state law claim over which the Court may exercise supplemental jurisdiction. See 28 U.S.C § 1367(a). Liberally construed, the negligence claim is cognizable.

### 5. Access to Court

Plaintiff claims his right to access to the courts was denied when "respondents" exceeded the time limits set forth in the regulation governing plaintiff's administrative appeals at the first, second and third levels of review.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must show there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis,

518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 354-55.  Here, plaintiff does not allege the delays in his administrative appeals have prevented him from pursuing in court any non-frivolous claim pertaining to his conviction or conditions of confinement.  Plaintiff will be granted leave to amend this claim to identify, provided he can do so in good faith, the non-frivolous claims he has been prevented from filing in the courts by virtue of the alleged delays in his administrative appeals.

Further, plaintiff has not alleged that any of the three defendants named in the complaint, Soto, Morales and Sullivan, were responsible for exceeding the time limits on his administrative appeals, nor does he identify who might be responsible for these delays.  To state a claim under § 1983, a plaintiff must "set forth specific facts as to each individual defendant's" actions that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Consequently, to render this claim cognizable in his amended complaint, plaintiff must identify the SVSP officials involved in the alleged delays of his administrative appeals, and must set forth specific facts showing their actions proximately caused said delays.

## CONCLUSION

In light of the foregoing, the Court hereby orders as follows:

1.     The first, third and fourth claims are, liberally construed, cognizable.  The second and fifth claims are DISMISSED with leave to amend.

2.     Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies in the second and fifth claims in his complaint, as explained above.  Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 06-3374 MMC (PR)), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint.  London v. Coopers & Lybrand, 644 F.2d 811,

4

814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will proceed only on the basis of the first, third and fourth claims in the complaint.**

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: September 28, 2006

_____
MAXINE M. CHESNEY
United States District Judge